## Mary Doyle v. The City of Sycamore.

81 589
a193s 501;

81 589
a193s 501

1. LIMITATIONS—*Action for Damages Growing out of the Erection of a Stand-Pipe.*—An action to recover alleged damages to property growing out of the erection of a stand-pipe must be commenced within five years from the erection of such pipe.

2. SAME—*Additional Counts.*—When, by an additional count, the plaintiff seeks to recover for a cause of action not declared upon in the original declaration, such count, if not filed within the time allowed by the statute, will be amenable to a plea of the statute of limitations.

Action in Case, to recover damages to property by reason of the erection and maintenance of a stand-pipe in a public street. Trial in the Circuit Court of La Salle County; the Hon. GEORGE W. BROWN, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

H. A. JONES and W. C. KELLUM, attorneys for appellant, contended that a party is not bound to commence suit until all of his damages have accrued. The recovery in this suit must be, once for all, for all damages occasioned by the erection, use and maintenance of the stand-pipe in question, and there can not be one recovery for the erection and another for the operation.

The damages arise when the nuisance is created, and a recovery not only may but must be had for the entire damages in one action; and upon the construction and putting in operation of a railroad all damages which would be sustained as the necessary result of the operation of the road can be immediately estimated and must be recovered in one action. C. & E. I. R. R. Co. v. McAuley, 121 Ill. 160; O. & M. Ry. Co. v. Wachter, 123 Ill. 440; Penn. Mut. Life Ins. Co. v. Heiss, 141 Ill. 35; Hyde Park Light Co. v. Porter, 64 Ill. App. 152, 167 Ill. 276.

CARNES & DUNTON and E. M. BURST, city attorney, attorneys for appellee.

A new cause of action distinct from that set out in the

declaration can not be brought into a case by an additional count after the time for suing upon it has expired. C. & A. Ry. Co. v. Reilly, 75 Ill. App. 125; Harper v. I. C. R. R. Co., 74 Ill. App. 74; Eylenfeldt v. Ill. Steel Co., 165 Ill. 185; I. C. R. R. Co. v. Campbell, 170 Ill. 163; I. C. R. R. Co. v. Scanlan, 170 Ill. 107; Wabash, St. L. & P. Ry. Co. v. McDougall, 118 Ill. 229; Secord-Hopkins Co. v. Lincoln, 173 Ill. 357.

A cause of action is the act or thing done or omitted to be done by the defendant which causes the injury, and the statute of limitations runs from the date of the alleged tort or breach of duty and not from the time when the damages actually ensue. Penn. Co. v. C., M. & St. P. Ry. Co., 144 Ill. 197; Ill. C. R. R. Co. v. Campbell, 170 Ill. 163; Swift & Co. v. Madden, 165 Ill. 41; Lewis on Eminent Domain, Sec. 565; Calumet E. Co. v. Mabie, 66 Ill. App. 235.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case brought by appellant against appellee, to recover damages for alleged injury to her property by reason of the erection and maintenance of a stand-pipe, in a public street of the city, in the vicinity of her property. The original declaration was filed June 8, 1893, in which it was averred that plaintiff was the owner of certain property in the city of Sycamore, upon which was situated a frame building used by her as a residence, and that by reason of the location of the premises they were especially valuable to her for residence and business purposes, and were readily rentable and salable for such purposes; that defendant in the years 1887 and 1888 caused to be constructed and erected, at or near the intersection of the streets adjacent to plaintiff's property, a stand-pipe or water-tower, fifteen feet in diameter and about 135 feet high, constructed of circular sheet or iron plates riveted together, and capable of holding 179,000 gallons of water; that by reason of the fact that there is a constant apprehension that said stand-pipe may fall over upon her dwelling house " and crush and destroy the same, or that it might

blow over upon said property, or burst and flood the same," the value of said property is greatly depreciated for residence or business purposes, and the market value of said premises is especially depreciated. The second count of the original declaration was not materially different from the first, the substance of which we have already given. On November 19, 1896, by leave of court, the plaintiff filed an amended declaration consisting of twenty-eight pages of record, wherein she sought to recover for the "wrongful maintenance and operation" of the stand-pipe. The declaration being so lengthy, we will not attempt to give more of it than the substance of the grievances complained of against the appellee city, as contained in the first amended count. After setting out the ownership of property by appellant, and the erection of the stand-pipe by appellee, the declaration proceeds to aver that the stand-pipe in question is used in connection with the water-works system of the city of Sycamore, and was connected with such system in the month of July, 1888, and was then commenced to be used in connection with the same and has ever since been so used; that such stand-pipe is defectively constructed, of poor material, by reason of the fact that the plates are of a poor quality of steel, "which said steel is porous and is not such steel as it should be, and is not of sufficient strength and elasticity for a stand-pipe of this character, and which contain a large amount of phosphorus, which makes the same brittle and easily broken and fractured, and which same are too thin, and are not of sufficient tensile strength to sustain the great pressure of water upon them in the operation of said stand-pipe in connection with the water-works system of said city, especially when the water in the same freezes, as it does in winter, and being in no way protected from the weather in winter, the water therein freezes from the top downward, forming a solid plug of ice from ten to thirty feet thick from the top downward, and which also extends down the sides of the structure, to a thickness of three to five feet, in the shape of a tube, and that when warm water is pumped into the bottom of the structure as it is in the use and opera-

tion of the same in connection with the said water-works system, causes the ice around the bottom to melt, and the whole mass of ice to float upon the top of the water so pumped in, to a great height in said stand-pipe, to wit, to nearly the top of said stand-pipe; and that this solid mass of ice freezes in the winter or spring time and adheres to the sides of said stand-pipe to this great height, and that by reason of the water having been withdrawn from said stand-pipe in the operation of the same in connection with the said water-works system, leaving said mass of ice suspended in said stand-pipe to a great height above the level of the water in the same, and the sun coming out in the spring of the year, while said mass of ice is frozen and attached to the top of said stand-pipe, will melt the same and cause it to loosen itself from the said stand-pipe and drop from a great height therein upon the water then remaining in said stand-pipe, causing a great and sudden pressure upon said water and upon the plates and material out of which the said stand-pipe is constructed, and by reason of the same, and of the poor and defective quality of the material so used in the construction of the said stand-pipe, the same is likely to burst and flood the premises of the plaintiff or to cause the stand-pipe to fall upon and crush the buildings thereon, or to weaken the plates out of which said stand-pipe is so constructed, so that the same will be less able to withstand any sudden shock or great pressure, and thereby the stand-pipe is likely to fall and collapse, causing great damage to the said property of the plaintiff; and that said stand-pipe, by reason of the facts above stated, is of a dangerous character and is reasonably certain to burst or fall over upon the said buildings, and by its great weight injure and crush or destroy the same." Avers that said stand-pipe is a constant menace to the plaintiff's property and creates a continual apprehension of danger, and that since its connection with the water-works system, its construction and maintenance in such immediate proximity to plaintiff's premises has greatly depreciated the market value thereof for residence or business purposes, whereby she has suffered great injury

and her property has been damaged within the meaning of the constitution and laws of the State of Illinois, without just compensation being paid to her by the defendant city.

We have thus quoted largely from, and given the substance of, the first count of the amended declaration. The remaining counts contain the same complaints in substance, though in somewhat different phraseology. The effect is the same, and it is unnecessary further to set them out. After various demurrers and pleadings, issues were finally formed upon the pleas of not guilty and the statute of limitations of five years, and the cause tried by a jury. Upon the first trial there was a disagreement, but upon the second trial the jury returned a verdict in favor of appellee, and a motion for new trial having been overruled, judgment was rendered against appellant for costs and she appealed to this court.

On the part of appellee it is contended that the amended declaration filed November 19, 1896, brought into the case a new cause of action, while appellant insists it but restates a cause of action which was defectively stated in the original declaration. It is to be observed that the declaration first filed, complained only of the erection of the stand pipe and made no charge whatever as to its maintenance and operation in connection with the water-works system of the defendant city. But in the amended declaration, the gist of the damages complained of, is the maintenance or operation of the stand-pipe as a part of the water-works system of the city and while used in connection therewith. The case appears to have been tried upon that basis and theory. We are of the opinion the amended declaration brought into the case a new cause of action which had not been set out or sought to be recovered for in the original declaration. It follows that if more than five years had elapsed from the time the city first commenced to use and operate the stand-pipe as a part of its water-works system, then under the five year statute of limitations, which was properly pleaded, the action was barred and the verdict was right. It appears from the evidence that the stand-pipe

was erected, completed and filled with water for a test, as early as January 31, 1888. This suit having been commenced March 27, 1893, more than five years had elapsed since the completion of the stand-pipe and before the suit was begun. Hence, for the mere erection, the action was barred by the statute, even if there could have been a recovery at all under the original declaration, which appears to have been substantially the same as one in Barrows v. City of Sycamore, 150 Ill. 588, which was held not to set forth a cause of action. That was a suit to recover alleged damages to property growing out of the erection of this same stand-pipe. The amendments to the declaration in this case appear to have been made for the purpose of meeting the views expressed in the case cited, and as we have already said, it attempts to recover for a cause of action not set forth in the original declaration. But it is contended by appellant that the stand-pipe was not connected with the water-works system of the city and put into operation so that the complete damages could be ascertained until April 11, 1888, and that the suit was therefore commenced in apt time. We think the evidence warranted the jury in finding that the stand-pipe was permanently filled and put in operation February 7, 1888, and therefore the five year statute of limitations was a bar to any action commenced March 27, 1893, regardless of the question as to whether a new cause of action was introduced by the amended declaration of November 19, 1896.

Under the issues these questions were necessarily passed upon by the jury and we see no reason why their finding should not be sustained. Certain questions were submitted to the jury to be answered specially, and while they found that the plaintiff's property was depreciated in market value by the location of the stand-pipe, they found that connecting the stand-pipe with the pumping station did not cause such depreciation.

They further specially found that the stand-pipe was properly constructed. We think the evidence sustains these findings. The burden of proving that the stand-pipe was a dangerous structure, as charged in the declaration, was

upon the appellant, and as we view it, a preponderance of the evidence is to the contrary. The statute of limitations being a bar to the action, other alleged errors were immaterial and need not be considered. In any view we have been able to take of the case as presented by the record, the verdict was right and the judgment must be affirmed.